UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FEATURE REALTY, INC., a Nevada Corporation,

         Plaintiff,

    v.

THE CITY OF SPOKANE,

         Defendant.

No. CV-07-0088-FVS

ORDER REMANDING AND STAYING CASE

**THIS MATTER** comes before the Court on a number of motions. The Plaintiff is represented by C. Blaine Moreley and John G. Lockwood. The Defendant is represented by Robert G. Beaumier and Rocca N. Treppiedi. The Third Party Defendant, Davis Communications, Inc., is represented by Robert P. Hailey. The Third Party Defendant, Fiberlink, Inc., is represented by Michael H. Church and Melody D. Farance.

**BACKGROUND**

The Plaintiff, Feature Realty, Inc., owns the Canyon Bluffs Project, a development located in Spokane, Washington. Feature allegedly purchases cable services from Davis Communications, Inc. ("Davis"). The cable signals are then transferred from a site located in Spokane County to the Project on fiberoptic cables owned by Fiberlink, Inc. ("Fiberlink").

On September 16, 2006, the City assessed $39,209.24 in municipal

ORDER REMANDING AND STAYING CASE- 1

cable taxes against the Plaintiff.  These taxes were comprised of franchise fees, utility taxes, interest, and penalties related to the use and purchase of cable services.  The Plaintiff appealed the assessment to a City Hearing Examiner, who noted the appeal for hearing on February 23, 2007.  On February 16, the Hearing Examiner dismissed the appeal on the grounds that the Plaintiff had failed to pay the assessment.

The Plaintiff subsequently filed a Petition for Writ of Review and Complaint for Declaratory Relief And For Inverse Condemnation ("the Complaint") in Spokane County Superior Court pursuant to RCW § 7.16.0401.  The Complaint alleges that the Hearing Examiner's dismissal of the Petition was arbitrary and capricious.  The Complaint further alleges that the Hearing Examiner's dismissal of the appeal without a hearing deprived the Plaintiff of due process of law.

The Petition also states two federal causes of action.  First, the Plaintiff seeks declaratory relief under the Cable Communications Policy Act, 47 U.S.C. § 521 *et seq*.  Second, the Plaintiff alleges that the City's imposition of the cable taxes constitutes inverse condemnation in violation of the Fourteenth Amendment.

The City removed the action to this Court pursuant to 28 U.S.C. § 1441(b).  In its answer to the Plaintiff's complaint, the City brought third party claims against Davis and Fiberlink.  The City alleges that Davis and Fiberlink have failed to properly obtain franchises and pay certain taxes and fees.

On October 3, 2007, the City moved for partial summary judgment, arguing that the Court should uphold the Hearing Examiner's order of

ORDER REMANDING AND STAYING CASE- 2

dismissal.  The Plaintiff, Davis, and Fiberlink have since cross-moved for summary judgment.

**DISCUSSION**

**I.    SUBJECT MATTER JURISDICTION**

The Plaintiff alleges two federal causes of action and one state cause of action.  The Plaintiff's federal claims arise under the Fourteenth Amendment to the United States Constitution and the Cable Communications Policy Act.  The Court accordingly has jurisdiction to hear these claims pursuant to 28 U.S.C. § 1331.

The Court has discretion to exercise supplemental jurisdiction over the Plaintiff's request for a writ of review pursuant to 28 U.S.C. § 1367.  Section 1367 provides that, when a federal district court has subject matter jurisdiction over a claim, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III."  In this case, the Plaintiff's state law claim forms part of the same case or controversy as the Plaintiff's federal claims because all of the claims arise out of the City's municipal tax assessment.

The Court may nevertheless decline to exercise supplemental jurisdiction over the Plaintiff's request for a writ of review if it finds that this state law claim presents complex or novel issues of state law, if it determines that the state law claim will predominate over the federal claims, or if it concludes that "other compelling reasons" exist.  28 U.S.C. § 1367.

The Court declines to exercise supplemental jurisdiction over the

Plaintiff's state law claim in this case.  The Plaintiff's request for a writ of review presents a purely legal question of state law, namely whether the Hearing Examiner's summary dismissal of the appeal was arbitrary and capricious.  This issue can best be resolved by the courts of the State of Washington.  Moreover, the writ of review claim is distinct from the mixed questions of fact and law raised by the Plaintiff's federal claims.  Specifically, the federal claims will require the Court to determine whether the Plaintiff's cable system makes use of any public right of way, whether the City has authority under state and federal statutes to assess the cable tax against the Plaintiff, and whether the imposition of the tax constituted a taking. Thus, there are compelling reasons why the Court should not exercise supplemental jurisdiction over the Plaintiff's single state law claim. The request for a writ of review will be remanded to the Superior Court for Spokane County.

**II.  STAY OF FEDERAL CLAIMS**

In view of the Court's decision to remand the Plaintiff's request for a writ of review, the Court finds it appropriate to stay the remaining claims until the Superior Court has ruled on the appropriateness of a writ of review.  If the Superior Court issues a writ of review, the Hearing Examiner will be called upon to resolve a number of factual questions that may bear upon the federal claims. Were litigation on the federal claims to proceed in this Court pending the Superior Court's decision, the Court would be obliged to make its own factual findings.  Given the Hearing Examiner's greater experience with matters of this kind, the Court concludes that, if appropriate

under Washington law, such issues should be decided at the administrative level in the first instance. Moreover, the simultaneous pursuit of the Plaintiff's claims in both state and federal court would risk duplicating the work of counsel, thereby placing an unnecessary burden on the resources of the parties.

Accordingly, the Plaintiff's federal causes of action will be stayed until such time as the Superior Court has ruled on the Plaintiff's request for a writ of review. If the Superior Court denies this request, the Court will set a scheduling conference and the present action shall proceed. If the Superior Court remands the Plaintiff's original appeal to the Hearing Examiner, a further stay of the present action will be appropriate. The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Plaintiff's Petition For a Writ of Review is **REMANDED** to the Superior Court of Washington, County of Spokane.

2. The Plaintiff's remaining causes of action are **STAYED** until such time as the Superior Court of Washington, County of Spokane, has ruled on the Plaintiff's Petition For Writ of Review.

3. This Court's Scheduling Conference Order, **Ct. Rec. 12**, and all deadlines set forth therein are **STRICKEN**.

4. The parties shall file a joint report advising the Court of the status of the Superior Court action **no later than ninety (90) days** following the entry of this Order Remanding and Staying Case.

5. The Defendant's Motion for Partial Summary Judgment, **Ct. Rec. 27**, is **STRICKEN**.

6. In view of the foregoing, the following motions are **STRICKEN** with leave to refile, if and when the Court enters a new Scheduling Conference Order;

   a. The Plaintiff's Motion For Discovery, **Ct. Rec. 15**;

   b. The Plaintiff's Cross Motion For Summary Judgment, **Ct. Rec. 34**;

   c. Davis Communication, Inc.'s Motion For Summary Judgment, **Ct. Rec. 45**;

   d. Fiberlink, Inc.'s Motion for Summary Judgment, **Ct. Rec. 52**; and

   e. The City's Cross Motion For Summary Judgment, **Ct. Rec. 67**.

   f. The Plaintiff's Motion to Shorten Time, **Ct. Rec. 91**;

7. The following motions are **DENIED AS MOOT:**

   a. Fiberlink, Inc.'s Motion for Leave to File Excess Pages, **Ct. Rec. 49**;

   b. The City's Motion to Continue Summary Judgment Hearings of Feature and Davis, **Ct. Rec. 75**;

   c. The City's Motion to Shorten Time, **Ct. Rec. 71**;

   d. Fiberlink, Inc.'s Motion to Strike City of Spokane's Cross Motion For Summary Judgment, **Ct. Rec. 80**;

   e. Fiberlink, Inc.'s Motion to Shorten Time, **Ct. Rec. 83**;

   f. The Plaintiff's Motion to Strike, **Ct. Rec. 87**;

   g. The City's Motion to Amend Scheduling Conference Order, **Ct. Rec. 102**; and

   h. The City's Motion to Shorten Time, **Ct. Rec. 97**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  11th  day of December, 2007.

                       s/ Fred Van Sickle                       
                        Fred Van Sickle
                  United States District Judge